```
                 UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

| | | |
|---|---|---|
| AMERICAN NATIONAL PROPERTY | ) | |
| AND CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:08-0604 |
| | ) | JUDGE ECHOLS |
| v. | ) | |
| | ) | |
| CAMPBELL INSURANCE, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons explained in the Memorandum entered contemporaneously herewith, the Court rules as follows:

(1) Plaintiff American National Property and Casualty Company's Motion for Preliminary Injunction (Docket Entry No. 78) is hereby GRANTED;

(2) pursuant to Federal Rule of Civil Procedure 65, Defendants Campbell Insurance, Inc., A 2 Z Insurance, Inc., Tommy L. Campbell, individually and as President of Campbell Insurance, Inc., and Marsha Colleen Campbell, individually and as President of A 2 Z Insurance, Inc., their officers, agents, servants, employees and attorneys, and other persons who are in active concert or participation with any of the foregoing,

   (A) are hereby preliminarily enjoined and restrained
       from reviewing or using the "Business" information of
       American National, as defined in Section I.D. of the

1

January 24, 2005 Agent Agreement executed by Tommy L. Campbell and Marsha Colleen Campbell on behalf of Campbell Insurance, Inc. ("Agent"), and Kim Kelley as Agent Administration Specialist for American National; "Business" information includes all accounts, records, files, policies, rates, information regarding names, addresses, and ages of policyholders, the description and location of insured property, and expiration or renewal dates (x-dates) of policies acquired or coming into the Agent's possession during the effective period of the Agent Agreement or any prior Company Agreement;

(B) are hereby directed to return to American National immediately all copies of any paper records containing "Business" information of American National and to delete from all computer storage media under their control all such information stored digitally; and

(C) are hereby directed to file with the Court and serve on American National **within ten (10) days** after entry of this Order a statement confirming that they have complied with the terms of this preliminary injunction;

(3) pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff American National Property and Casualty Company shall file with the Clerk of this Court, **no later than five (5) days after entry of this Order,** a surety bond in the amount of

2

$100,000.00, in such form as is acceptable to the Clerk of Court;

(4) this Order shall remain in effect during the pendency of this action and until further Order of this Court unless Plaintiff fails to file the surety bond as required in paragraph (3) above;

(5) Plaintiff's Motion For Leave to File Excess Pages (Docket Entry No. 79) is hereby GRANTED;

(6) Plaintiff's Motion For Leave To File Reply (Docket Entry No. 94) is hereby GRANTED;

(7) The Clerk is hereby DIRECTED to file the Reply to Campbell Defendants' Response To Motion For Preliminary Injunction (Docket Entry No. 94-1) under a separate docket entry number; and

(8) This case is hereby returned to the Magistrate Judge for disposition of the pending Motion to Compel Production of Documents, For Rule 26(g) Sanctions, And To Amend Scheduling Deadlines (Docket Entry No. 48) and all further case management proceedings.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

**June 19, 2009 @ 11:10 a.m.**

3