UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:08-0604 JUDGE TRAUGER |
| v. | ) ) | |
| CAMPBELL INSURANCE, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Plaintiff American National Property And Casualty Company ("ANPAC") filed a Motion To Dismiss (Docket Entry No. 189) the counterclaim included by Tommy Campbell ("Campbell") in the Answer and Counterclaim (Docket Entry No. 176) to ANPAC's Third Amended Complaint (Docket Entry No. 160). Defendant Campbell filed a response in opposition to the motion to dismiss (Docket Entry No. 192). ANPAC then filed a motion for leave to file a reply and attached a reply brief. (Docket Entry No. 198). ANPAC's motion for leave to file the reply brief is granted.

In ruling on the motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true Campbell's allegations as plaintiff against ANPAC as defendant and construe the allegations in Campbell's favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550 (2007)). "A claim has facial plausibility when the plaintiff pleads

1

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id. at 944; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

In the counterclaim, Campbell alleged that he entered into an Agent Agreement with ANPAC on June 16, 1997 ("the 1997 Agreement"). He attached a copy of the 1997 Agreement to the Answer and Counterclaim as Exhibit A. Campbell further alleged that Section IV of the 1997 Agreement provided for post-termination compensation as set forth in an attached "Post-Termination Compensation Schedule." The Post-Termination Compensation Schedule provided that payments were to begin within sixty (60) days after termination. Campbell further alleged he met all requirements for eligibility under paragraph 3. (Docket Entry No. 176, Counterclaim ¶¶ 1-2.)

Campbell alleged that the 1997 Agreement, including the Post-Termination Compensation Schedule, was in full force and effect until Campbell was terminated by ANPAC by letter dated June 10, 2008. Campbell attached a copy of the termination letter to the Answer and Counterclaim as Exhibit B. Campbell further alleged that the termination letter, in the note at the bottom of page 2, recited language contained in the 1997 Agreement which is not contained in the Agent Agreement between ANPAC and Campbell Insurance, Inc. Campbell also alleged that the termination letter was addressed to him and sent to his home address as opposed to the business address of Campbell Insurance, Inc. (Id. ¶ 3.)

Campbell further alleged that ANPAC failed and refused to pay post-termination compensation as provided in the 1997 Agreement, and ANPAC's failure to honor the 1997 Agreement is a breach of contract. (Id. ¶ 4.) Finally, Campbell alleged he is entitled to post-

2

termination compensation as provided in the 1997 Agreement, and he seeks damages for breach of contract in excess of $75,000.00, along with other relief. (Id. ¶ 5 & Prayer for Relief.)

ANPAC seeks dismissal of the counterclaim on the ground that the 2005 Agreement signed by Campbell (attached to the Third Amended Complaint as Exhibit 1, Docket Entry No. 161) expressly superseded the 1997 Agreement. ANPAC contends that Campbell admitted within the four corners of the pleadings that he, along with Campbell Insurance, Inc., and Colleen Campbell, entered into the 2005 Agreement. In the Second Amended Complaint, ANPAC alleged:

> On January 24, 2005, American National entered into an Agent Agreement with Campbell Insurance, Tommy Campbell and Colleen Campbell (the "Agent Agreement"). A true and correct copy of the Agent Agreement is attached hereto as **Exhibit 1.**

(Docket Entry No. 66, Second Amended Complaint ¶ 10.) In response to this averment, Campbell and the other Campbell Defendants responded, "Admitted." (Docket Entry No. 83, Answer to the Second Amended Complaint ¶ 10.) ANPAC also points out that Campbell himself alleged, in his Second Counterclaim contained within the Second Amended Answer (Docket Entry No. 83, Counterclaim at 16 ¶ 1), that "Campbell Insurance, Inc. and Tommy Campbell entered into the agency agreement with ANPAC on January 24, 2005." ANPAC further claims that Campbell admitted he signed the 2005 Agreement when he responded to ¶¶ 14 & 15 of the Third Amended Complaint. However, what Campbell and the other Campbell Defendants actually said in those paragraphs was:

> 14. It is admitted that ANPAC entered into an agreement with Campbell Insurance on or about January 24, 2005. Tommy Campbell and Colleen Campbell signed the agreement as representatives of Campbell Insurance.
>
> 15. It is admitted that Tommy Campbell and Colleen Campbell signed the agreement as representatives of Campbell Insurance.

3

(Docket Entry No. 176, Answer to Third Amended Complaint ¶¶ 14-15.)

Campbell contends he is not bound by any admissions he may have made prior to his Answer and Counterclaim to the Third Amended Complaint because the Third Amended Complaint and his Answer and Counterclaim to the Third Amended Complaint superseded all of the previous pleadings. Under Sixth Circuit law, a statement made in a pleading, even if the pleading is subsequently amended or superseded, can constitute an admission against interest, but the pleading containing the admission must be admitted into evidence at trial for the purpose of establishing the admission, and the better practice is for the court *not* to take judicial notice of the admission. Shell v. Parrish, 448 F.2d 528, 530 (6th Cir. 1971); Pennsylvania R.R. Co. v. City of Girard, 210 F.2d 437, 440 (6th Cir. 1954). In light of these cases and because the case is now before the Court on a Rule 12(b)(6) motion to dismiss, the Court will not resolve–solely on the pleadings and without competent evidence–whether Campbell's statements made in prior pleadings amount to admissions against interest.

Even assuming for present purposes that Campbell entered into the 2005 Agreement as ANPAC alleges, Campbell's signature on the 2005 document alone does not resolve the matters in dispute between the parties. ANPAC claims the 1997 Agreement was expressly superseded by the 2005 Agreement, and it is true the 2005 Agreement Campbell signed says: "This Agreement supersedes any and all previous Agreements of whatever kind between the parties." At first blush, this language would appear to render the 1997 Agreement irrelevant, and especially its Section IV, which provided for post-termination compensation, which is the subject of Campbell's counterclaim. On further examination, however, it appears that a major difference between the 1997 and 2005 Agreements is the deletion of Section IV in the 2005 Agreement. As a result of the deletion of

4

Section IV, the sections of the 2005 Agreement were renumbered accordingly. Consequently, Section VI in the 1997 Agreement, titled "RESERVED RIGHTS AND CONDITIONS OF THE COMPANY," became Section V, with the same title and nearly verbatim language, in the 2005 Agreement.

Campbell points to a footnote in the termination letter he received from ANPAC in June 2008 (Docket Entry No. 176-2) as evidence that ANPAC knew it was terminating the 1997 Agreement when it sent the termination letter addressed only to Campbell at his home address. The footnote stated in part:

> Additionally, under Section VI - RESERVED RIGHTS AND CONDITIONS OF THE COMPANY, ANPAC may deduct, from any compensation due you, for any and all debts or claims you have with the Company. Therefore, any commissions payable are being retained by the Company and applied to your Agent Advance Agreement (AAA) deficit.

(Id. at 2.) Campbell contends the letter's reference to Section VI - RESERVED RIGHTS AND CONDITIONS OF THE COMPANY could only have meant the 1997 Agreement.

ANPAC asserts that Campbell is just trying to capitalize on a typographical error in the footnote of the termination letter, noting that "Section VI" should have read "Section V." Whether the difference in section numbers can be attributed to typographical error requires review of evidence that is not before the Court on a Rule 12(b)(6) motion to dismiss. Moreover, the 2005 Agreement (in Section V), similarly to the 1997 Agreement (in Section VI), provided (emphasis added):

> F. **SOLE AGREEMENT**
> This Agreement, with the attached Schedules and Supplements, constitutes the sole agreement and supersedes any and all prior Agreements between you and the Company. **This Agreement shall not impair your right to monies, if any, earned under a prior Agreement or Agreements with the Company.**

(Docket Entry No. 161, Ex. 1 at 8.)[1]

Thus, while both the 1997 and the 2005 Agreements provided that a later agreement would supersede all prior agreements, both Agreements also contained the language: "This Agreement shall not impair your right to monies, if any, earned under a prior Agreement or Agreements with the Company." Whether the 1997 Agreement was still in force and not superseded at the time of Campbell's termination in June 2008 and whether Campbell is entitled to claim post-termination compensation under the 1997 Agreement are mixed questions of law and fact that require further factual and legal development.

At this juncture, the allegations of Campbell's counterclaim satisfy the pleading standards of Iqbal and Twombly. Campbell alleges the elements of a breach of contract claim and sufficient facts to support the claim. See BancorpSouth Bank, Inc. v. Hatchel, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006) (observing elements of breach of contract are: (1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of the contract; and (3) damages caused by the breach of contract). Campbell alleges the existence of a 1997 Agreement with ANPAC which included a provision for Campbell's post-termination compensation, a breach of that agreement due to ANPAC's failure to pay Campbell any post-termination compensation, and damages resulting from the breach. Because Campbell's counterclaim pleads a claim for breach of contract under Tennessee law and Campbell has alleged sufficient facts to support his claim under Iqbal and Twombly,

(1) ANPAC's Motion To Dismiss (Docket Entry No. 189) is hereby DENIED.

---

[1] The only difference in Section F. as between the two agreements was that the 2005 Agreement added the words "any and" before "all prior Agreements between you and the Company."

6

(2) ANPAC's Motion For Leave To File Reply To Defendant Tommy Campbell's Response To Plaintiff's Motion To Dismiss (Docket Entry No. 198) is hereby GRANTED and the Clerk is directed to file the reply, which appears as an attachment to Docket Entry No. 198, under a separate docket entry number.

(3) The case is hereby returned to the Magistrate Judge for further case management.

It is so ORDERED.

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

7

Case 3:08-cv-00604   Document 240   Filed 04/30/10   Page 7 of 7 PageID #: 3818