UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AMERICAN NATIONAL PROPERTY, )
et al., )
 )
    Plaintiffs, )
 )
      v. )  NO. 3:08-0604
 )  Judge Echols/Bryant
CAMPBELL INSURANCE, INC., et al.) **Jury Demand**
 )
    Defendants. )

## MEMORANDUM AND ORDER

Defendants Tommy Campbell, Colleen Campbell, A2Z Insurance, Inc. and Campbell Insurance, Inc. have filed their Motion To Compel Discovery (Docket Entry No. 215). By this motion, these defendants seek an order compelling plaintiff to produce documents in response to fifteen (15) requests for production contained in Defendants' Fourth Request for Production of Documents.[1] Plaintiff has served objections to all 15 requests.

Plaintiff responded in opposition to defendants' motion (Docket Entry No. 223) and defendants filed a reply (Docket Entry No. 227). Plaintiff filed a response to defendants' reply (Docket Entry No. 241) and defendants filed a "reply to plaintiff's response." (Docket Entry No. 243).

For the reasons stated below, defendants' motion to compel is **granted** in part and **denied** in part.

---

[1]Reflecting the parties' general lack of agreement about most aspects of this contentious case, plaintiff points out that, despite its title as defendants' fourth set of requests for production, it is actually the fifth set of requests (Docket Entry No. 216-1, p.1, and No. 223, n.1).

## Statement of the Case

Plaintiff ANPAC alleges that defendants Tommy Campbell, Colleen Campbell and their insurance agency, Campbell Insurance, Inc., breached their agency agreement with it when they transferred ANPAC policyholders to competing insurance companies and otherwise misused proprietary trade information of ANPAC. In addition to its claim of breach of its agency agreements, ANPAC asserts causes of action for interference of business relations, procuring breach of contract, breach of fiduciary duties, conspiracy to participate in unfair competition and violations of the Tennessee Uniform Trade Secrets Act and the Tennessee Consumer Protection Act. Plaintiff seeks compensatory and punitive damages and injunctive relief.

Defendants have denied liability under any legal theory.

## The Motion To Compel

The 15 requests for production at issue in this motion can be logically consolidated into five groups. The Court will address them in these groupings.

**Requests No. 1, 2, 3 and 4**. Requests 1 through 4 seek all documents provided to Tommy Campbell, Colleen Campbell, Campbell Insurance, Inc. or Richard Johnson[2] "related to recruiting and/or training of agents by [ANPAC]."

Plaintiff ANPAC objected to these requests on multiple grounds, including vagueness, overbreadth, failing to be reasonably calculated to lead to discovery of admissible evidence, and impermissibly seeking mental impressions of counsel concerning what the words "related to" mean (Docket Entry No. 216-1). In its

---

[2] Richard Johnson is identified as a "multi-line general agent."

2

response in opposition to defendants' motion to compel, ANPAC asserted generally that these requests, and the others, were not relevant to "any party's claim or defense," as required by Federal Rules of Civil Procedure 26(b)(1).

Defendants, in their reply, concentrate primarily upon ANPAC's claim under the Tennessee Trade Secrets Act, Tenn. Code Ann. § 47-25-1701, et seq., and the definition of a "trade secret" contained in the act. Under this definition, a trade secret includes only information that is "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Tenn. Code Ann. § 47-25-1702(4)(B). Defendants argue that they are entitled to examine the requested recruiting and/or training materials to determine the extent to which ANPAC trained its agents to regard the information at issue in this case as confidential trade secrets and to protect it accordingly.

Following a review of the multiple filings of the parties in support of and in opposition to defendants' motion, the Court finds that the request to produce all documents related to recruiting and/or training agents by ANPAC is excessively broad and burdensome. However, given the claims in this case, the Court finds that training materials that are intended to instruct ANPAC agents regarding the confidential nature of company records or appropriate practices to protect the secrecy of such records may be relevant or lead to discovery of admissible evidence. Rule 26(b)(1), Federal Rules of Civil Procedure.

For the above reason, the Court **grants** defendants' motion to compel in part and orders plaintiff to produce any training materials provided to the Campbell defendants or Richard Johnson

3

that related to the confidential nature of any company records or appropriate practices or procedures to protect such confidentiality. In all other respects, defendants' motion to compel responses to Requests No. 1, 2, 3 and 4 is **denied**.

**Requests No. 5, 6, 7 and 8**. These four requests seek production of documents provided by ANPAC to Tommy Campbell, Colleen Campbell, Campbell Insurance, Inc. or Richard Johnson "related to the transfer or rolling of books of business, policyholders, or policies from other insurance companies to [ANPAC]."

Plaintiff has objected to these requests on grounds of vagueness, overbreadth, and that these requests are not reasonably calculated to lead to the discovery of admissible evidence. In addition, plaintiff objects that these requests, as stated, impermissibly seek the mental impression of plaintiff's counsel regarding the meaning of the words "related to." (Docket Entry No. 216-1, pp. 4-5).

Defendants, in their reply memorandum (Docket Entry No. 227), focus on plaintiff's claim under the Tennessee Uniform Trade Secret Act, § 47-25-1701, et seq. Defendants assert that they are entitled to discover the extent to which ANPAC made efforts to maintain the secrecy of its business information.

The Court finds that, given the claims in this case, information provided to defendants by ANPAC "related to the transfer or rolling of books of business, policyholders, or policies from other insurance companies to [ANPAC]" are neither relevant nor reasonably calculated to lead to the discovery of

4

admissible evidence.  Accordingly, defendants' motion to compel with respect to Request No. 5, 6, 7 and 8 is **denied**.

**Request No. 9**.  Request No. 9 seeks "any and all documents revealing necessary educational requirements, professional qualifications and licensing for employment as an Agent with [ANPAC] beginning with the year 1997 through the year 2005."

Plaintiff has objected to this request on grounds that it is overbroad and not reasonably calculated to lead to discovery of admissible evidence (Docket Entry No. 216-1, p. 5).

In their supporting memorandum, defendants state that they "will not recognize the importance of these documents, if any, until it has had an opportunity to review the same (Docket Entry No. 216, p. 6).

The Court finds that the documents sought in Request No. 9 are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, defendants' motion to compel with respect to Request No. 9 is **denied**.

**Requests No. 10 and 11**.  Request No. 10 and 11 seek correspondence from Warren Pakulski to ANPAC and correspondence provided to Agent Kenneth Farrar "related to the transfer or rolling of business or policies from other companies to [ANPAC]."

ANPAC has objected to those two requests on grounds that they are vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.  ANPAC also objects that these requests impermissibly seek the mental impressions of counsel regarding what the words "related to" mean.

5

In their supporting memorandum, defendants assert that they have reason to believe that ANPAC instructed Mr. Pakulski and Mr. Farrar to "roll over" insurance business from other companies to ANPAC – "the very conduct Plaintiff claims to be so egregious in this case." (Docket Entry No. 216, p. 6). Defendants argue that they should be allowed to discover the requested documents to determine "Plaintiff's practice on rolling over policies from other insurance companies." (Id.)

The Court finds that ANPAC's policies or practices pertaining to transfers of policyholders of other insurance companies to ANPAC is not relevant to the issue of whether transfers of ANPAC policyholders to other companies constitutes a breach of ANPAC's Agent Agreement. With respect to the other causes of action at issue in this case, the Court is unable to understand how correspondence between ANPAC and Mr. Pakulski and Mr. Farrar, presumably unknown to defendants, could be relevant or reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court denies defendants' motion to compel with respect to Requests. No. 10 and 11.

**Requests No. 13, 14, 15 and 16**. These four requests seek documents used in training Tommy Campbell, Colleen Campbell, Campbell Insurance, Inc. or Richard Johnson regarding ANPAC's "non-competition agreement as set forth in the 2005 Agent Agreement at issue in this matter."

Plaintiff objected to these requests on the grounds that the requests were not reasonably calculated to lead to the discovery of admissible evidence, that the terms of the Agent Agreement are unambiguous, and that the requests are unduly

6

burdensome because any such document has already been provided to the defendants, "if it exists."

The Court finds that if ANPAC trained defendants regarding the noncompetition provision in the Agent Agreement, such training materials might prove relevant, given the claims made in this case. For this reason, the Court **grants** defendants' motion to compel with respect to Requests No. 13, 14, 15 and 16.

To the extent that this order grants defendants' motion to compel, ANPAC shall serve supplemental responses by **May 24, 2010.**

It is so **ORDERED**.

s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge

7