```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION
```

AMERICAN NATIONAL PROPERTY, )
)
    Plaintiff, )
)
     v. )   NO. 3:08-0604
)   Judge Trauger/Bryant
CAMPBELL INSURANCE, INC., et al.)   **Jury Demand**
)
    Defendants. )

## MEMORANDUM AND ORDER

Pending before the Court is the motion filed on behalf of defendants Campbell Insurance, Inc., Tommy L. Campbell, Marsha Colleen Campbell and A 2 Z Insurance, Inc. ("the Campbell defendants") for sanctions concerning plaintiff's Rule 30(b)(6) deposition (Docket Entry No. 276). Plaintiff has responded in opposition (Docket Entry No. 286), and the Campbell defendants have filed a reply (Docket Entry No. 295). With leave of court, plaintiff has filed a surreply (Docket Entry No. 299).

For the reasons stated below, the Campbell defendants' motion for sanctions is **DENIED**.

In this bitterly contested case, counsel for defendants took the deposition of the plaintiff pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on May 18, 19 and 20, 2010, in Springfield, Missouri. These defendants have filed their present motion asserting that plaintiff's designated witness, Pat Leeper, was inadequately prepared for this deposition, and therefore was unable to testify regarding certain matters listed in the deposition notice. Defendants seek sanctions that would preclude the plaintiff at trial from offering evidence on three specific

topics about which defendants argue Mr. Leeper was inadequately prepared to testify at deposition.

**Post-termination compensation benefits**: The first two topics listed in defendants' motion relate to defendant Tommy Campbell's counterclaim for post-termination compensation benefits. These topics, quoted from defendants' motion, read as follows:

> a) Tommy Campbell's eligibility for post-termination compensation benefits;
>
> b) The present value of post-termination compensation benefits as calculated by Defendants' expert, Dr. Michael Brookshire and set forth in his expert witness disclosures.

On November 8, 2010, the Court entered its Memorandum and Order granting the plaintiff's motion for summary judgment on counterclaim and dismissing defendant Tommy L. Campbell's counterclaim (Docket Entry Nos. 308 and 309). Accordingly, the undersigned Magistrate Judge finds that the Campbell defendants' motion for sanctions has been rendered moot to the extent that it is based upon a claim that plaintiff's Rule 30(b)(6) witness was inadequately prepared to testify regarding the above referenced two topics related to defendant Tommy Campbell's eligibility for, and the value of, post-termination compensation benefits.

**Commission payments**: Defendants' motion for sanctions also asserts that plaintiff's designated witness, Mr. Leeper, was inadequately prepared to testify about the following topic:

> c) The amount of commissions paid to Campbell Insurance, Inc. during the one-year period prior to termination on June 10, 2008, commissions paid on the same policies to transfer agents for the one-

2

> year period after termination, and the difference in the two figures as calculated by Defendants' expert, Vic Alexander and set forth in expert witness disclosures.

During the deposition of plaintiff, Mr. Leeper was questioned about the amount of policy commissions paid to Campbell Insurance, Inc. or Tommy Campbell during the year prior to his termination and the amount of commissions paid on those same insurance policies during the year immediately following Campbell's termination, after they were transferred to other agents (Docket Entry No. 277-2 at 12-20). Mr. Leeper testified that the amount of commissions paid on the subject policies following transfer to new agents after Campbell's termination could be less or could be the same, and that he would need to refer to commission statements in order to obtain that information (Docket Entry No. 277-2 at 13). Mr. Leeper testified that he had not gathered the information from the commission statements in order to calculate these amounts, but that such a calculation could be performed.

Apparently, although it is not expressly stated in the filings of the parties, the commission statements necessary to calculate the amount of commissions paid to Campbell Insurance during the year prior to Campbell's termination have been produced during document discovery, as have those statements necessary to calculate the amount of commissions paid on those same policies during the year following Campbell's termination. From the dialogue at the deposition, it further appears that the Campbell

3

defendants have employed an expert witness who has performed the necessary calculations and has determined that plaintiff paid approximately $129,000 less in agent commissions on the subject policies during the year following their transfer to other agents after Campbell's termination (Docket Entry No. 277-2 at 16-17).

While expressing no opinion on whether the difference in commissions should be considered in mitigation of plaintiff's damages, the undersigned Magistrate Judge finds that the amounts of the subject commissions during the year immediately before and immediately after Campbell's termination is subject to discovery in this case. If it has not already done so, plaintiff is **ORDERED** to produce and identify by **December 30, 2010**, all commission statements necessary to permit the calculation of commissions paid to Tommy Campbell and/or Campbell Insurance during the year immediately prior to his termination and the statements necessary to calculate the amount of commissions paid on those same policies during the year immediately after Campbell's termination.

After due consideration, the undersigned Magistrate Judge finds that no party is entitled to sanctions or an award of attorney's fees in connection with this motion.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge