UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AMERICAN NATIONAL PROPERTY, )
 )
    Plaintiff, )
 )
     v. ) NO. 3:08-0604
 ) Judge Trauger/Bryant
CAMPBELL INSURANCE, INC., et al.) **Jury Demand**
 )
    Defendants. )

## MEMORANDUM AND ORDER

Plaintiff American National Property and Casualty Company ("ANPAC") has filed its motion to compel (Docket Entry No. 375) accompanied by a memorandum in support (Docket Entry No. 376). This motion, which seeks an order compelling certain discovery from the Campbell defendants and from defendant Liberty Mutual/Montgomery Mutual Insurance Company (hereinafter "Liberty Mutual"), has prompted a fusillade of filings, including the following:

    1. Response of Campbell defendants to plaintiff's motion to compel (Docket Entry No. 383);

    2. Defendant Liberty Mutual's response to motion to compel (Docket Entry No. 385);

    3. Plaintiff's reply to Campbell defendants' response to motion to compel (Docket Entry No. 387-1);

    4. Plaintiff's reply to Liberty Mutual's response to motion to compel (Docket Entry No. 387-2);

    5. Campbell defendants' supplemental response to plaintiff's motion to compel (Docket Entry No. 415);

6. Defendant Liberty Mutual's response to plaintiff's reply to Liberty Mutual's response to motion to compel (Docket Entry No. 417);

7. Plaintiff's reply to supplemental response of Campbell defendants to motion to compel (Docket Entry No. 419); and

8. Plaintiff's reply to supplemental response of Liberty Mutual to motion to compel (Docket Entry No. 420).

This motion has been referred to the undersigned Magistrate Judge for disposition. For the reasons stated below, the Court **GRANTS** in part and **DENIES** in part plaintiff's motion to compel.

### Discussion

The undersigned Magistrate Judge will deal first in this memorandum with the items of discovery sought from the Campbell defendants and, thereafter, with those items of discovery sought from defendant Liberty Mutual.

### Discovery Sought From Campbell Defendants[1]

<u>Cancellation notices</u>. Plaintiff seeks an order compelling the Campbell defendants to produce "all the cancellation notices sent by Campbell Insurance, Inc. or A 2 Z Insurance, Inc. to American National." In response to this item, the Campbell defendants make several arguments: (1) this request is not appropriately limited to

---

[1] ANPAC's motion to compel also seeks discovery of materials provided to, and communications with, the Campbell defendants' expert witnesses. The motion papers indicate that this information has been provided by agreement; therefore, this aspect of plaintiff's motion is not addressed in this memorandum and order.

2

policies at issue in this case or otherwise in terms of time; (2) the cancellation notices sought, by definition, have already been sent to ANPAC in the regular course of business; (3) ANPAC has been granted access to the electronic files of the Campbell defendants as those files existed in April 2009, and, to the extent such cancellation notices exist, they will be found within those electronic files; and (4) given the foregoing, it would be unduly burdensome in terms of time and cost to require the Campbell defendants to go through these voluminous electronic files searching for cancellation notices already provided to ANPAC both in the normal course of business and during discovery through production of defendants' electronic files.

In reply, ANPAC argues that (1) it has looked for the subject cancellation notices in the electronic office files produced by the Campbell defendants and has not found the cancellation notices therein, and, in any event, the produced electronic files do not include notices sent after April 2009; (2) the actual cancellation notices "may" include reasons for cancellation that contradict the reasons now offered for the subject policyholders' leaving ANPAC; and (3) it would be less burdensome for the Campbell defendants to locate and produce the subject cancellation notices from their own files because their access to their computer system is not limited to a single computer terminal located in defense counsel's office. Finally, plaintiffs in their reply to supplemental response of Campbell defendants

3

(Docket Entry No. 419 at 1) agree to limit this request to any cancellation notices dated before July 2009.

The undersigned Magistrate Judge finds that plaintiff's motion to compel further production of the subject cancellation notices should be **DENIED**. As grounds for this finding, the Court relies on the fact that, by definition, the Campbell defendants have already sent these cancellation notices to ANPAC in the normal course of business, and ANPAC has offered no explanation why it cannot obtain these notices from its own files. In addition, the Campbell defendants have stated repeatedly that all their business records were maintained electronically, and they have granted ANPAC access to their electronic office records as those records existed in April 2009. Moreover, the Campbell defendants have stated under oath that if such cancellation notices exist, they exist only in such electronic records. Finally, the complaint in this case was filed on June 17, 2008. Certainly by that date ANPAC knew or had reason to know of the potential evidentiary significance of any cancellation notices received from the Campbell defendants, which reasonably would have required ANPAC to exercise a heightened degree of care in maintaining such records.

<u>Post-2008 Tax Records</u>. Plaintiff seeks an order compelling the Campbell defendants to produce post-2008 W-2s and 1099s issued by Campbell Insurance, Inc. and tax returns of Campbell Insurance, Inc., A 2 Z Insurance, Inc. and Tommy Campbell and Colleen Campbell. In response, the Campbell defendants state that all such

4

tax documents through the 2008 tax year have been produced. In addition, they assert that Campbell Insurance, Inc. ceased doing business in June 2008; therefore, there are no more tax records for that company beyond what has already been produced. Further, the Campbell defendants argue that the post-2008 tax records for A 2 Z Insurance, Inc. and Mr. & Mrs. Campbell are not relevant to any issues in this case including compensatory or punitive damages.

In response, plaintiff argues that the requested tax records are relevant to claims for compensatory and punitive damages and that defendants previously have agreed to produce the subject records.

Without deciding at this time whether the requested tax records ultimately will be admissible for any purpose at trial, the undersigned Magistrate Judge finds that these tax records are relevant or may lead to the discovery of admissible evidence. Accordingly, the Court finds that plaintiff's motion to compel production of the subject post-2008 tax records should be **GRANTED**.

<u>Files Of Customers On The Nonsolitication List</u>. Plaintiff moves for an order compelling the Campbell defendants to produce complete copies of the files of all customers on the "nonsolicitation list." In response, the Campbell defendants assert (1) that the files for all such customers, as of April 2009, have previously been provided to the plaintiff in electronic form; (2) that any additions to these customers' files after April 2009 are not relevant to any issue in this case; and (3) the requested

5

production would be unduly burdensome because technical limitations in the existing electronic files would require that paper copies of such files be made for production and, that these files as of April 2009 exceeded 40,000 pages. The current files would be considerably larger. In its reply, ANPAC argues that certain of these customers have provided statements and/or deposition testimony regarding their reasons for terminating their ANPAC policies, and that it appears that the Campbell defendants are preparing to argue that the loss experience of certain of these customers has created a "saving" for ANPAC by no longer having them as policyholders when the losses occurred, and that this saving should be considered in mitigation of damages.

In response, the Campbell defendants state that they already have provided statements of approximately 130 policyholders regarding their reasons for changing insurance carriers, and that the testimony of their computer expert, Steve Kozy (Docket Entry No. 415-2), supports these defendants' claim of undue burden.

Following due consideration of the record in the case and the arguments of the parties, the undersigned Magistrate Judge finds that plaintiff's motion to compel production of customer files should be **GRANTED** subject to the following limitations and conditions. First, with respect to any customer whose loss experience the Campbell defendants contend created a "savings" for ANPAC in mitigation of damages, these defendants shall produce a complete copy of these customers' files at defendants' expense.

Second, with respect to the files of any other customers on the nonsolicitation list, the Campbell defendants shall produce copies of their files, as requested by ANPAC, at ANPAC's expense. The expense of such production shall include the reasonable cost incurred by the Campbell defendants in locating, copying and producing such customers' file records. Within ten days from entry of this order, ANPAC shall identify any customers on the solicitation list whose files ANPAC desires to be copied. The Campbell defendants thereafter shall copy and produce the requested files as soon as reasonably possible, and shall maintain accurate records of all costs incurred in such production.

### Discovery Sought From Defendant Liberty Mutual

Plaintiff's motion to compel as filed seeks an order requiring Liberty Mutual to respond to ANPAC's second set of interrogatories and requests for production. Apparently, defendant Liberty Mutual served responses, including objections, within a few days after plaintiff's motion to compel was filed. Plaintiff in its reply papers argues that Liberty Mutual's failure to file timely responses or objections should be construed as a waiver of all objections. Although it appears that Liberty Mutual sought an extension of time neither from the Court nor from plaintiff, it does appear that telephone conversations about Liberty Mutual's efforts and intentions to serve its responses did occur between counsel. Therefore, the undersigned Magistrate Judge finds that inferring a waiver of all objections by Liberty Mutual is

7

excessively drastic and unwarranted under these circumstances. The undersigned Magistrate Judge will deal with plaintiff's motion to compel insofar as it addresses alleged deficiencies in Liberty Mutual's discovery responses.

Interrogatory No. 1. Plaintiff seeks an order requiring a complete response to Interrogatory No. 1 in its second set of discovery served on Liberty Mutual. Interrogatory No. 1 reads as follows:

> Identify each document in the range LM-MM1-000043 through LM-MM1-000347, including without limitation by describing in detail when you received the document, from whom you received the document, the circumstances leading to your receipt of the document, where and how you have maintained the document, and for what purpose you have used the document.

The Court has been provided neither Liberty Mutual's response to this interrogatory nor copies of any of the 304 documents at issue. However, from the briefs of the parties, it appears that these documents were the subject of questioning of Liberty Mutual witness Greg Quante in a deposition taken on March 24, 2010. Portions of his testimony are quoted in Liberty Mutual's response to plaintiff's reply (Docket Entry No. 417 at 4-5). From the testimony, it appears as if at least some of these documents were copies of ANPAC policy documents obtained from defendants Tommy and Colleen Campbell. Liberty Mutual in its responsive filings has stated "that it simply cannot provide any more information about these documents than has already been provided,"

and that its witnesses do not remember additional specifics beyond what they have testified to in deposition.

The Court finds that plaintiff's motion to compel should be **GRANTED** and that Liberty Mutual should serve a supplemental response to this interrogatory. It may rely upon the testimony of its witnesses in formulating its supplemental response, but Liberty Mutual shall state affirmatively that no additional information is known by the company, if that is true.

<u>Interrogatory No. 2 and Request for Production No. 1</u>. Plaintiff seeks an order compelling a further response to Interrogatory No. 2 and the related Request for Production No. 1. Interrogatory No. 2 reads as follows:

> Identify all documents that were referenced or used to produce the Spreadsheet labeled LM-MM1-00380 through LM-MM1-00382, and describe in detail how said Spreadsheet was compiled.

Request for Production No. 1 requests production of all documents referenced or used to produce the subject spreadsheet.

Again, the Court has not been provided Liberty Mutual's formal response nor a copy of the documents referenced in this interrogatory. However, from the filings of the parties it is clear that the referenced spreadsheet consists of a list of former ANPAC policyholders who are believed by Liberty Mutual to have obtained replacement insurance policies from Liberty through the Campbell defendants. Apparently, Liberty Mutual has produced some documents that were used in preparation of the subject spreadsheet, but plaintiff is uncertain whether it has received all documents

9

responsive to its request. Liberty Mutual in its response to plaintiff's reply (Docket Entry No. 417 at 6-9) offers information about how the spreadsheet was compiled and references certain deposition testimony of Liberty Mutual's corporate representative, Donna Egyed. Liberty Mutual further states in its reply that it has produced in discovery a list containing the name of every single person or entity to whom Liberty Mutual quoted or sold an insurance policy to or through A 2 Z Insurance, Inc. between January 1, 2008, and June 10, 2009. Liberty Mutual argues that ANPAC, therefore, can compare the customers on this list with a list of its customers in order to identify any former ANPAC customers who purchased policies from Liberty Mutual. While the production of this list is praiseworthy, the Court finds that it fails to constitute a direct response to Interrogatory No. 2 and Request for Production No. 1. The Court, therefore, **GRANTS** plaintiff's motion to compel with respect to Interrogatory No. 2 and Request for Production No. 1, and **ORDERS** defendant Liberty Mutual to serve a supplemental response that will include a statement that all responsive documents have been produced.

Requests for Production Nos. 2 and 3. Requests for Production Nos. 2 and 3 seek production of all correspondence between Liberty Mutual, including its attorneys, and Safeco Insurance or the Campbell defendants, including their attorneys.

From the motion papers, it appears that Liberty Mutual objected to these requests on grounds that they sought information

that was neither relevant nor likely to lead to the discovery of admissible evidence and then further stated that the only potentially responsive documents consisted of emails from Liberty Mutual's counsel and counsel for Safeco and the Campbell defendants. In its motion papers, Liberty Mutual states that although the vast majority of the subject emails involved logistical aspects of this case upon which plaintiff's counsel have been copied, there are some emails between defense counsel that contain "the defense attorneys' thoughts and impressions of the legal aspects of this case and the validity of ANPAC's claims." (Docket Entry No. 417 at 9). Liberty Mutual further argues that plaintiff "has no need to see these emails and would be unfairly advantaged if it could." Although citing no authority, Liberty Mutual asserts that "[e]mails between the defense lawyers discussing those documents and the legal basis of ANPAC's claims are not discoverable and ANPAC is not entitled to them."

ANPAC asserts that, in the absence of any joint defense agreement between these defendants, emails between the lawyers for the several defendants are not privileged and are subject to discovery.

The undersigned Magistrate Judge finds that Liberty Mutual should produce the subject emails to the undersigned Magistrate Judge for an *in camera* inspection. Counsel for Liberty Mutual shall deliver a paper copy of all responsive emails to the undersigned Magistrate Judge's chambers on or before **Monday, June**

**13, 2011**. Following an *in camera* inspection, the undersigned Magistrate Judge will render a decision whether these emails must be produced to plaintiff.

Request for Production No. 5. Request for Production No. 5 seeks all lists of policies that were issued for A 2 Z Insurance that Liberty Mutual provided to its attorneys, as referenced in the deposition of Liberty Mutual's Rule 30(b)(6) deposition at page 228, lines 1-5. In response to this request, Liberty Mutual apparently has produced a list containing the name of every person or entity who was quoted a price and/or purchased a Liberty Mutual policy through A 2 Z Insurance between January 1, 2008, and July 2009 (Docket Entry No. 417 at 10). Plaintiff in its motion papers, however, states that it is unclear from Liberty Mutual's response whether the list produced is the same list as that referenced on page 228 of the Liberty Mutual deposition. If the list is the same list, plaintiff seeks to require Liberty Mutual to say so. If the list is not the same list, however, plaintiff seeks production of the specific list referenced in the deposition.

The undersigned Magistrate Judge finds that plaintiff's motion to compel a further response to Request for Production No. 5 should be **GRANTED**. Liberty Mutual shall provide a supplemental response stating plainly whether the list it has already produced is the same list as that referenced in the Rule 30(b)(6) deposition. Further, if the list is not the same list, the list referenced in the deposition should be produced.

Unless otherwise specifically provided above, supplemental responses ordered in this memorandum shall be served on or before **June 17, 2011**.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
