UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AMERICAN NATIONAL PROPERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:08-0604 |
| | ) | Judge Trauger/Bryant |
| CAMPBELL INSURANCE, INC., et al. | ) | **Jury Demand** |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The Campbell defendants have filed their Motion To Compel (Docket Entry No. 366) seeking an order requiring plaintiff American National Property and Casualty Company ("ANPAC") to serve additional responses to interrogatories and requests for production of documents seeking information grouped in three categories. Plaintiff ANPAC has filed a response (Docket Entry No. 377) and the Campbell defendants have filed a reply (Docket Entry No. 381).

This motion has been referred to the undersigned Magistrate Judge for disposition.

For the reasons stated below, the Court **GRANTS** in part and **DENIES** in part the Campbell defendants' motion to compel.

### Discussion

1. "Commission Savings". Interrogatories 1 through 5 of defendants' third set of interrogatories seeks the following information about insurance policies listed on an exhibit to the interrogatories;

1. The amount of insurance premiums received by ANPAC for each policy for the one-year period prior to the termination of Tommy Campbell:

2. The amount of insurance premiums received by ANPAC for each policy during the year following the termination of Tommy Campbell;

3. The amount of commissions paid to Tommy Campbell for each policy during the one-year period prior to termination of Campbell;

4. The amount of commissions paid to the ANPAC agent responsible for each policy during the year following Campbell's termination; and

5. A description of the method or manner in which ANPAC obtained the information used to respond to Interrogatories 1 through 4.

Request for Production No. 1 of the Campbell Defendants' Sixth Requests for Production seeks all documents relied upon in responding to the foregoing interrogatories.

The Campbell defendants assert that the foregoing information is relevant to their affirmative defense of the "offsetting benefits" doctrine, arguing that ANPAC's commission structure required it to pay less commission to the agents to whom these policies were transferred than it would have been required to pay to Tommy Campbell had he continued to service these policies as agent.

2

In its response, ANPAC states in part that it has already produced in discovery commission statements for the year before termination on all policies serviced by Tommy Campbell as of the date of his termination.  ANPAC further states that, in addition to commissions paid, these statements also contain the record of gross cash received, which corresponds to the amount of premiums paid (Docket Entry No. 366 at 2).  ANPAC further maintains that the "offsetting benefits" doctrine is inapplicable to the facts of this case, that a proper calculation under the "offsetting benefits" doctrine would require inclusion of a multitude of other costs to ANPAC attributable to the Campbell defendants' alleged breach of the agency contract, and, finally, that the burden of deriving the information sought would be substantially the same for the Campbell defendants as it would be for ANPAC.

Although not deciding whether the "offsetting benefits" doctrine applies to this case, or whether this information ultimately will be admissible at trial, the undersigned Magistrate Judge finds that the information sought is within the scope of permissible discovery defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure.  Accordingly, the Court **GRANTS** the Campbell defendants motion to compel with respect to the information listed above, subject to the following conditions and limitations.

To the extent that ANPAC maintains that it has already produced business records from which the requested information can be derived, ANPAC shall serve a supplemental response to these

interrogatories and requests by (1) stating affirmatively under oath that it has no effective way to derive the information sought, such as by an electronic search of its databases, that is not equally available to the Campbell defendants, and (2) by specifying the records that must be reviewed, in sufficient detail to enable the Campbell defendants to locate and identify those records as readily as ANPAC could.  Federal Rule of Civil Procedure 33(d).  To the extent that ANPAC has not produced records from which the information sought can be derived, ANPAC shall produce such documents or, alternatively, shall serve a supplemental response containing the information sought.

<u>Damages</u>.  The Campbell defendants seek an order requiring ANPAC to provide a supplemental response to Interrogatory No. 23 in the first set of interrogatories served by defendant Tommy Campbell.  This interrogatory seeks a description of the type of damages suffered, the amount of each type of damages suffered, and an explanation of how Tommy Campbell caused or contributed to damages sought by ANPAC.  In its response and supplemental response, ANPAC states that it intends to rely in part on expert analysis and testimony to establish its damages.  Further, ANPAC states that it has prepared and produced a spreadsheet listing premiums allegedly lost as a result of the Campbell defendants' breach of the agency agreement.

In their motion papers, the Campbell defendants focus upon the asserted inconsistency between claiming lost profits, as

apparently testified to by the ANPAC expert witness, and a claim for all premium losses attributable to the policies allegedly "pirated" by the Campbell defendants. The Campbell defendants assert that claiming both lost profits and lost premiums is necessarily duplicative and that ANPAC should be required to declare that it seeks one or the other in damages, but not both. ANPAC, in response, asserts that it is permitted to plead in the alternative, and that it is not required by law to choose between such alternatives until trial.

The Court **GRANTS** the Campbell defendants' motion to compel with respect to ANPAC's damage claim as follows. To the extent it has not already done so, ANPAC shall provide a supplemental response including a computation of each category of damages that it claims, and shall produce for inspection and copying by the Campbell defendants any documents or other evidentiary material on which each computation is based, including materials bearing on the nature and extent of injuries allegedly suffered. Rule 26(a)(1)(A)(iii). To the extent that ANPAC includes damages claims that are asserted in the alternative, the Court finds that it is not required at this time to elect between the alternatives. Instead, the Court by its current ruling seeks to require ANPAC to disclose the nature and amounts of all damages it seeks to recover in this case so that there will be no "ambush" or surprise at trial.

<u>Out-of-force policy list</u>. The Campbell defendants seek an order requiring ANPAC to provide a supplemental response to Request No. 1 in their third request for production of documents served on ANPAC. This request seeks a list of "out-of-force" policies associated with two listed agent numbers for the years 2003 through 2009.

From the motion papers of the parties, it appears that ANPAC has voluntarily produced the requested list after the filing of defendants' motion to compel. Therefore, with respect to the subject list of out-of-force policies, the Campbell defendants' motion to compel is **DENIED** as moot.

To the extent that this order requires service of supplemental discovery responses, those responses shall be served on or before **Friday, July 1, 2011.**

It is so **ORDERED**.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge