UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AMERICAN NATIONAL PROPERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:08-0604 |
| | ) | Judge Trauger/Bryant |
| CAMPBELL INSURANCE, INC., et al. | ) | **Jury Demand** |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

Pending in this contentiously litigated case is the Campbell defendants' Motion To Compel - Post-Termination Compensation Benefits (Docket Entry No. 373) to which the plaintiff has responded in opposition (Docket Entry No. 378).

This motion related to discovery has been referred to the undersigned Magistrate Judge for disposition.

For the reasons stated below, the Court **GRANTS** in part and **DENIES** in part the defendants' motion to compel discovery.

### Procedural Background

In this action seeking recovery of money damages for the Campbell defendants' alleged breaches of an insurance agency contract, defendants have plead as an affirmative defense the "offsetting benefits" doctrine. Specifically, these defendants assert that, but for their alleged breaches of the agency contract, defendant Tommy Campbell would have been contractually entitled to certain post-termination compensation benefits. The amount of these benefits was to be calculated according to a formula set

forth in a schedule in the contract between the parties (Docket Entry No. 373-2).

The Court has previously found from the undisputed facts that defendant Tommy Campbell did breach the terms of his agency agreement with plaintiff, and, therefore, "he is not due any post-termination compensation." (Docket Entry No. 308 at 11).

Despite holding that defendant Tommy Campbell may not recover on his counterclaim for post-termination compensation benefits, the Court nevertheless in its memorandum of June 27, 2011, has ruled that "defendants may introduce evidence at trial regarding savings that directly resulted from their breaches or wrongdoing. Such amounts are properly offset against any eventual recovery by the plaintiff." (Docket Entry No. 484 at 52).

The Campbell defendants in the present motion seek from plaintiff ANPAC information that they assert would permit an accurate computation of the amount of "savings that directly resulted from [defendants'] breaches or wrongdoing." From the motion papers filed by the parties, it appears that the Campbell defendants have employed an expert witness who has performed a computation of the amount of these post-compensation benefits forfeited by defendant Tommy Campbell as a result of his breach of contract, and that defendants by this motion are seeking to learn, prior to trial, of any faults or criticisms that ANPAC may raise at trial relating to the expert's computation.

## **Discussion**

Rule 26(b)(1) of the Federal Rules of Civil Procedure describes the general scope of permissible discovery, and provides in part as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

In addition, Rule 33(a)(2) expressly authorizes the use of what have come to be called "contention interrogatories" – those seeking discovery of what a party contends in the case. This rule provides in pertinent part as follows:

> An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory not be answered until designated discovery is complete, or until a pretrial conference or some other time.

With the foregoing as background, the undersigned Magistrate Judge will address the specific interrogatories and requests for production that are the subject of defendants' motion.

Interrogatory No. 1[1]. Interrogatory No. 1 inquires about the "position" of ANPAC regarding whether Tommy Campbell was otherwise eligible on the date of his termination to receive post-termination compensation benefits, "apart from any alleged breach of the agent agreement." Largely ignoring the "apart from any alleged breach of the agent agreement" language in this interrogatory, ANPAC initially cites the finding that Tommy Campbell has breached the agreement and, therefore, "is not due any post-termination compensation," and responds with a paragraph of objections that appear to be premised primarily upon the Court's ruling that Tommy Campbell is not entitled to recover any post-termination compensation benefits[2]. The paragraph containing these objections ends with the following sentence: "American National states Tommy Campbell was not entitled to post-termination compensation benefits and American National will not assume otherwise." ANPAC's response concludes with a paragraph listing numerous acts by defendant Tommy Campbell that ANPAC alleges amounted to breaches of Campbell's agent agreement.

---

[1] The interrogatories and requests for production at issue in this motion were part of the Campbell defendants' Fourth Set of Interrogatories and Seventh Request for Production of Documents (Docket Entry No. 373-1).

[2] ANPAC also objects on grounds that the number of interrogatories exceeds the maximum number permitted in the case management order. The Campbell defendants have presented evidence suggesting that counsel for ANPAC previously agreed that they would not object based upon this ground (Docket Entry No. 373-3 at 1 and 3). In any event, the Magistrate Judge finds that ANPAC's objection based upon the number limitation should be overruled.

With due respect to ANPAC and its counsel, their objections and response fail to respond squarely to the interrogatory posed by defendants. Defendants clearly seek to discover any reason "apart from any alleged breach of the agent agreement," why Tommy Campbell was not entitled to post-termination compensation benefits. In view of the Court's ruling that "defendants may introduce evidence at trial regarding savings that directly resulted from their breaches or wrongdoing," the undersigned Magistrate Judge finds that defendants' motion to compel with respect to this interrogatory should be **GRANTED** and that ANPAC should serve a supplemental response stating plainly any reason, apart from any alleged breach of the agent agreement, why Tommy Campbell was not eligible to receive post-termination compensation benefits.

Interrogatory No. 2. Interrogatory No. 2, which refers to Section III of the Post-Termination Compensation Schedule (Docket Entry No. 373-2), inquires whether on his termination date Tommy Campbell had "at least 5 years (60 months) continuous full-time status as an agent or general agent with Company." The interrogatory further requests an explanation of any negative response. After a paragraph of objections ANPAC responds that as of his termination date, Tommy Campbell did have the required 5 years of tenure as an ANPAC agent, but ANPAC apparently challenges Campbell's satisfaction of the "continuous full-time status"

5

requirement because Campbell prior to termination had ceased devoting his full-time efforts on behalf of ANPAC.

The undersigned Magistrate Judge finds that ANPAC's objections to this interrogatory lack merit and should be **OVERRULED**. Nevertheless, the Court finds that ANPAC's response to this interrogatory, as it is framed, is sufficient, and that defendants' motion to compel with respect to it should be **DENIED**.

Interrogatory No. 5. Interrogatory No. 5 refers to Section III D of the Post-Termination Compensation Schedule and inquires whether there was a "surrender of agent's agreement and any modification thereto." The interrogatory seeks an explanation of any negative response. Following a paragraph of objections, ANPAC responds that there was not a "surrender" of Tommy Campbell's agency agreement because it "was terminated, not surrendered."

The undersigned Magistrate Judge finds that ANPAC's objections to this interrogatory lack merit and should be **OVERRULED**. Nevertheless, the Court finds that ANPAC's response to this interrogatory, as it is framed, is sufficient, and that defendants' motion to compel with respect to this interrogatory should be **DENIED**.

Interrogatory No. 6. Interrogatory No. 6 seeks the present value, as of June 10, 2008, of all future payments of post-termination compensation benefits to which Tommy Campbell would have been entitled "assuming he was entitled to post-termination compensation benefits." In response, ANPAC lodges several

6

objections, most of which are premised upon the Court's prior ruling that, as a result of his breach of the agent agreement, Tommy Campbell is not entitled to recover on his counterclaim for post-termination compensation benefits.

Given the Court's recent ruling that "defendants may introduce evidence at trial regarding savings that directly resulted from their breaches or wrongdoing," the undersigned Magistrate Judge finds that ANPAC's objections to this interrogatory lack merit and should be **OVERRULED**. In particular, this interrogatory involves a hypothetical question only to the extent that the Court has ruled that Tommy Campbell's breaches of contract have required a forfeiture of his benefits. Otherwise, ANPAC has offered no explanation why the amount sought by this interrogatory is not susceptible to a precise computation. Moreover, the undersigned Magistrate Judge finds that it would be manifestly unfair for ANPAC to avoid providing in discovery the amount requested by this interrogatory only to offer such information at trial in challenging the computation by defendants' expert.

For the foregoing reasons, the undersigned Magistrate Judge finds that ANPAC's objections should be **OVERRULED**, that defendants' motion to compel with respect to Interrogatory No. 6 should be **GRANTED**, and that ANPAC should serve a supplemental response indicating its calculation of the present value, as of

June 10, 2008, of Tommy Campbell's post-termination compensation benefits had he not breached his agent's agreement.

Interrogatory No. 7. Interrogatory No. 7 refers to Section II.A.1 of the Post-Termination Compensation Schedule (Docket Entry No. 373-2) and seeks Tommy Campbell's average monthly Company commissions or overwrites for the final 60 months prior to termination on all policies. In response, ANPAC lodges several objections premised primarily on the Court's prior ruling that Tommy Campbell "is not due any post-termination compensation."

In view of the Court's recent ruling that defendants may introduce evidence at trial regarding savings that directly resulted from their breaches or wrongdoing, ANPAC's objections to this interrogatory are **OVERRULED**, and defendants' motion to compel is **GRANTED**. ANPAC shall file a supplemental response containing the amount sought by this interrogatory.

Interrogatory No. 8. Interrogatory No. 8 refers to Section II.A.2 of the Post-Termination Compensation Schedule and inquires whether Tommy Campbell satisfied the proviso stating "if the average of the final 36 months prior to termination you had your highest unit-in-force count ever with the Company." The interrogatory further seeks an explanation of any negative response. ANPAC responds initially with a series of objections premised mainly on the Court's prior ruling that "Tommy Campbell is not due any post-termination compensation."

8

For the reasons stated above in this memorandum, the undersigned Magistrate Judge finds that these objections lack merit and should be **OVERRULED**. In addition to these objections, ANPAC states that Tommy Campbell's average of the final 36 months prior to termination was not his highest unit-in-force count ever with ANPAC, "in that prior 3-year averages were higher."

In addition, in its response in opposition to defendants' motion, ANPAC states that it has produced to defendants a spreadsheet that "includes the requested unit-in-force counts." (Docket Entry No. 378 at 6). The undersigned Magistrate Judge finds that ANPAC's response to Interrogatory No. 8, as supplemented by the described spreadsheet is sufficient, and that defendants' motion to compel with respect to this interrogatory should be **DENIED**.

Interrogatory No. 10. Interrogatory No. 10 refers to Section II.B. of the Post-Termination Compensation Schedule (Docket Entry No. 373-2) and seeks the "position of ANPAC" concerning the maximum payout for Tommy Campbell's post-termination compensation benefits. Subsection B states as follows: "Maximum payout is 30% of the average monthly commissions on primary and transferred policies or overwrites for the final 60 months prior to termination." Although this interrogatory is perhaps inartfully drafted to seek ANPAC's "position" regarding the maximum payout defined by this schedule provision, a fair reading of the

9

interrogatory seeks the amount of this maximum payout as calculated by ANPAC.

In response, ANPAC first lodges several objections, again premised primarily upon the Court's prior ruling that Tommy Campbell is not due any post-termination compensation because of his breach of the agent agreement. Thereafter, and subject to its objections, ANPAC responds that "there is <u>no</u> payout for Tommy Campbell's post-termination compensation benefits," because he has committed a series of listed acts, all of which appear to constitute breaches of his contract with ANPAC.

The undersigned Magistrate Judge finds that ANPAC's objections to Interrogatory No. 10 should be **OVERRULED** in view of the Court's ruling that defendants may introduce at trial evidence regarding savings that directly resulted to ANPAC from defendants' breaches and wrongdoing. In addition, the Court finds that defendants' motion to compel with respect to this interrogatory should be **GRANTED**, and that ANPAC should serve a supplemental response stating plainly the amount that it contends would have been the maximum payout, as defined by the Post-Termination Compensation Schedule, for Tommy Campbell's post-termination compensation benefits, absent his forfeiture of those benefits, as of the date of his termination.

<u>Interrogatory No. 11</u>. Interrogatory No. 11 makes reference to Section II.B. of the Post-Termination Compensation Schedule and seeks the amount of "the average monthly commissions

on primary and transferred policies or overwrites for the final 60 months" prior to Tommy Campbell's termination. ANPAC has responded with several objections, again premised primarily upon the Court's prior ruling that Tommy Campbell "is not due any post-termination compensation." Given the Court's ruling that defendants' may introduce at trial evidence of savings to ANPAC that directly resulted from defendants' breaches or wrongdoing, the undersigned Magistrate Judge finds that ANPAC's objections to this interrogatory should be **OVERRULED**, that defendants' motion to compel should be **GRANTED**, and that ANPAC should serve a supplemental response stating the amount requested in this interrogatory.

      Requests for Production Nos. 1, 3 and 4. Defendants also seek supplemental responses to three requests for production of documents related to computations of Tommy Campbell's post-termination compensation benefits. Request Nos. 1, 3 and 4 seek documents relied upon by ANPAC in responding to defendants' fourth set of interrogatories, documents reflecting Tommy Campbell's monthly "unit-in-force" count during his tenure as an agent for ANPAC, and documents reflecting ANPAC's calculation of the amount of post-termination compensation benefits to which Tommy Campbell would have been entitled.

      In its responses, ANPAC lodges objections based primarily upon the Court's prior ruling that Tommy Campbell is not entitled to recover any post-termination compensation. In further response,

11

ANPAC identifies a list a documents that it relied upon in responding to the interrogatories, including "a record of Tommy Campbell's unit-in-force count for each month he was an agent for American National." Following its objections to Request for Production No. 4, ANPAC in its response states: "Having said this, American National does not waive its right to provide evidence of such a calculation [of Tommy Campbell's post-termination compensation benefits] at trial if Tommy Campbell is permitted to introduce evidence of his own hypothetical calculation or to critique such calculation by Tommy Campbell."

In view of the Court's ruling that it will permit defendants to introduce evidence at trial regarding "savings that directly resulted to ANPAC from defendants' breaches or wrongdoing," it appears almost certain that defendants will seek to offer such evidence at trial. Therefore, it would be manifestly unfair for ANPAC to withhold evidence of its computation of such post-termination compensation benefits during discovery only to offer them at trial in response to defendants' proof.

For the foregoing reasons, the undersigned Magistrate Judge finds that ANPAC's objections to Requests for Production No. 1, 3 and 4 are **OVERRULED,** and that if there are additional documents responsive to these two requests that have not been previously produced, ANPAC should serve a supplemental production including these documents.

To the extent that this memorandum and order requires supplemental responses, those responses should be served on or before **Wednesday, July 20, 2011.**

It is so **ORDERED**.

                                                 s/ John S. Bryant
                                                 JOHN S. BRYANT
                                                 United States Magistrate Judge