IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 3:08-cv-00604 Judge Trauger |
| CAMPBELL INSURANCE, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the court is a Motion for Sanctions for Spoliation of Evidence filed by the plaintiff (Docket No. 489), to which the Campbell Defendants have filed a response (Docket No. 501). Also pending is a Motion to Continue Trial filed by the Campbell Defendants (Docket No. 499), to which the plaintiff has filed a response (Docket No. 504). For the reasons discussed below, both motions will be denied.[1]

## BACKGROUND

Plaintiff American National Property and Casualty Company ("American National") is an insurance company that formerly contracted with defendants Tommy Campbell, Marsha Colleen Campbell, and Campbell Insurance, Inc. (collectively, the "Campbell Defendants") to act as insurance agents. The plaintiff alleges that the Campbells violated their non-compete obligations by forming defendant A 2 Z Insurance, Inc. and poaching American National

---

[1] The defendants have also filed a Motion for Leave to file a reply memorandum in support of their Motion to Continue Trial (Docket No. 505), which the court will deny as moot.

1

policyholders.

The relevant non-compete period ran from June 2008 to June 2009. The plaintiff alleges that the Campbell Defendants failed to preserve certain emails from the time period between April 2009 and July 2009. The plaintiff believes that these emails contained "damning" evidence regarding the defendants' efforts to solicit American National customers. (Docket No. 490 at 1.) The plaintiff learned in May 2010 that these emails had been deleted. (*Id.* at 6-7.)

Pursuant to the fifth Case Management Order, entered by the Magistrate Judge on November 10, 2010, fact discovery in this case closed on February 25, 2011. (Docket No. 311 at 1.) Trial is currently scheduled to begin on August 23, 2011.

On July 6, 2011, the plaintiff filed a Motion for Sanctions for Spoliation of Evidence regarding the deleted emails. The plaintiff seeks entry of default judgment against the Campbell Defendants, or, in the alternative, an adverse-inference jury instruction at trial. In response to the plaintiff's motion, the Campbell Defendants have filed a Motion to Continue Trial, arguing that, for them to adequately respond to the Motion for Sanctions, it is necessary to reopen discovery.

## **ANALYSIS**

The plaintiff argues that the Campbell Defendants' culpable failure to preserve the emails warrants a harsh penalty. (Docket No. 490 at 14-16.) In response, the defendants argue that the plaintiff's spoliation motion is untimely. (Docket No. 501 at 24-25.)

In *Goodman v. Praxair Services, Inc.*, 632 F. Supp. 2d 494 (D. Md. 2009), the district court provided a useful summary of the law regarding the timeliness of spoliation motions:

Fed. R. Civ. P. 37 governs most motions for discovery sanctions, but it does not contain any specific reference to the timing of the filing of a motion seeking spoliation sanctions. Courts considering this issue have identified a number of factors that can be used to assess the timeliness of spoliation motions.

First, "[k]ey to the discretionary timeliness assessment of lower courts is how long after the close of discovery the relevant spoliation motion has been made . . . ." *See, e.g.*, [*McEachron v. Glans*, No. 98-CV-17(LEK/DRH), 1999 WL 33601543, at *2 * n.3 (N.D.N.Y. June 8, 1999)] (holding spoliation motion made two weeks after the close of discovery was timely); *id.* at *2 (citing *Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 886 (S.D.N.Y. 1999) (finding motion for spoliation sanctions filed two months after conclusion of discovery was timely, as it was "not brought well after the close of discovery . . . nor after the start of trial")).

Second, a court should examine the temporal proximity between a spoliation motion and motions for summary judgment. *See, e.g.*, *id.* (citing *Glenn v. Scott Paper Co.*, Civ. A. No. 92-1873, 1993 WL 431161, at *17 n.3 (D.N.J. Oct. 20, 1993) (spoliation argument used to defend a summary judgment motion was untimely, as the plaintiff did not raise any concerns "during the discovery phase or bring them to the attention of the magistrate [judge]")); *Morse Diesel Int'l, Inc. v. United States*, 81 Fed. Cl. 220, 222 (2008) (plaintiff's spoliation motion, which was filed after the court ruled on the plaintiff's motion for partial summary judgment, was held to be untimely); *Ferrone v. Onorato*, No. 05-303, 2007 WL 2973684, at *10 (W.D. Pa. Oct. 9, 2007) (spoliation argument should have been made in "appropriate discovery motion," and not in "opposition to summary judgment [motion]"); *but see, e.g.*, *McDonald v. Wal-Mart Stores East, LP*, No. 3:07cv425, 2008 WL 153783, at *1 & n.1 (E.D. Va. Jan. 14, 2008) (granting plaintiff's request to file untimely summary judgment motion *nunc pro tunc* because spoliation argument contained in the motion was present in earlier motion *in limine*, and "[c]reating a clear record benefits both parties").

Third, courts should be wary of any spoliation motion made on the eve of trial. *See, e.g.*, *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-569, 2008 WL 2491747, at *2-3 (S.D. Ohio June

3

18, 2008) (spoliation motion filed one week before trial was held to be untimely); *Shamis*, 34 F. Supp. 2d at 886.

Fourth, courts should consider whether there was any governing deadline for filing spoliation motions in the scheduling order issued pursuant to Fed. R. Civ. P. 16(b) or by local rule.

Finally, the explanation of the moving party as to why the motion was not filed earlier should be considered.

*Id.* at 506-08 (citations and footnote omitted and paragraph breaks added).

The *Goodman* court continued:

The lesson to be learned from the cases that have sought to define when a spoliation motion should be filed in order to be timely is that there is a particular need for these motions to be filed as soon as reasonably possible after discovery of the facts that underlie the motion.

This is because resolution of spoliation motions are fact intensive, requiring the court to assess when the duty to preserve commenced, whether the party accused of spoliation properly complied with its preservation duty, the degree of culpability involved, the relevance of the lost evidence to the case, and the concomitant prejudice to the party that was deprived of access to the evidence because it was not preserved. Before ruling on a spoliation motion, a court may have to hold a hearing, and if spoliation is found, consideration of an appropriate remedy can involve determinations that may end the litigation or severely alter its course by striking pleadings, precluding proof of facts, foreclosing claims or defenses, or even granting a default judgment. And, in deciding a spoliation motion, the court may order that additional discovery take place either to develop facts needed to rule on the motion or to afford the party deprived of relevant evidence an additional opportunity to develop it from other sources.

The least disruptive time to undertake this is during the discovery phase, not after it has closed. Reopening discovery, even if for a limited purpose, months after it has closed or after dispositive motions have been filed, or worse still, on the eve of trial, can

> completely disrupt the pretrial schedule, involve significant cost, and burden the court and parties. Courts are justifiably unsympathetic to litigants who, because of inattention, neglect, or purposeful delay aimed at achieving an unwarranted tactical advantage, attempt to reargue a substantive issue already ruled on by the court through the guise of a spoliation motion, or use such a motion to try to reopen or prolong discovery beyond the time allotted in the pretrial order.

*Id.* at 508 (citation omitted and paragraph breaks added).

In light of the factors discussed in *Goodman*, it is clear that the plaintiff's motion should be denied as untimely. When the plaintiff filed the instant motion on July 6, 2011, the alleged spoliation had occurred 14 months earlier, fact discovery had been closed for more than four months, and trial was scheduled to begin in less than seven weeks. The plaintiff does not explain why it waited so long to file its Motion for Sanctions; perhaps it hoped to gain a tactical advantage by distracting the defendants during trial preparation.

The plaintiff's brief does mention in passing that, because the relevant emails were deleted and cannot possibly be produced, the Motion for Sanctions "is not a discovery motion." (Docket No. 490 at 22 n.2.) Apparently, the plaintiff's point is that the March 7, 2011 deadline for filing "discovery-related motions" (Docket No. 354) is not applicable to the instant motion. The plaintiff cites to a Motion to Compel that it filed on March 7, 2011, which stated:

> American National has issues as to spoliation of evidence, namely data of the Campbell Defendants that apparently was not made the subject of a litigation hold (e.g., . . . the Campbell Defendants' emails from May 1, 2009 through July 6, 2009), resulting in the loss of discoverable and requested information. However, those issues are not appropriate for a discovery-related motion in that to the understanding of American National, an order compelling disclosure of additional information would be futile in that the information is no longer available. American National will file a

5

> pre-trial motion for appropriate relief as to this spoliation. To the extent American National has misinterpreted the Court's orders and the Court considers such a motion to be "discovery-related" within the meaning of Revised Case Management Order No. 5 (Docket No. 311), as modified by the Order of January 25, 2011 (Docket No. 354), American National moves pursuant to Fed. R. Civ. P. 6(b) for an extension of time to file such motion, it being the understanding of American National, based on prior discussions with Magistrate Judge Bryant, that such issues would be addressed by Judge Trauger.

(Docket No. 375 at 2.) In his Order granting in part and denying in part the Motion to Compel, the Magistrate Judge did not address the issue of spoliation or any potential motion regarding spoliation. (*See* Docket No. 471.)

The plaintiff's mistaken understanding that a motion regarding spoliation of evidence is not a discovery motion is irrelevant to the issue of timeliness. Even if the plaintiff was required to file its spoliation motion separately from other discovery motions, and even if the March 7, 2011 deadline did not apply to spoliation motions, the plaintiff was still required to file any spoliation motion in a timely manner. It is obvious that issues regarding spoliation are better handled soon after the alleged spoliation occurs, not with a 23-page brief filed, relatively speaking, on the eve of trial. A reference to the alleged spoliation in a motion four months ago does not make the plaintiff's current motion timely.

Accordingly, the court will deny the plaintiff's Motion for Sanctions. Because the defendants' motion is premised entirely on their need to respond to the plaintiff's spoliation motion, their motion will be denied as moot.

## **CONCLUSION**

For all of the reasons discussed above, the Motion for Sanctions for Spoliation of

Evidence filed by the plaintiff (Docket No. 489) is **DENIED**. The Motion to Continue Trial filed by the Campbell Defendants (Docket No. 499) is **DENIED** as moot. The Motion for Leave to File Reply Memorandum filed by the Campbell Defendants (Docket No. 505) is **DENIED** as moot.

It is so Ordered.

Entered this 22nd day of July 2011.

_____
ALETA A. TRAUGER
United States District Judge