IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 3:08-CV-00604<br>)<br>) Judge Aleta A. Trauger |
| CAMPBELL INSURANCE, INC., TOMMY L. CAMPBELL, and | ) Magistrate Judge John S. Bryant<br>) |
| MARSHA COLLEEN CAMPBELL, and A 2 Z INSURANCE, INC. LIBERTY MUTUAL INS. CO., and MONTGOMERY MUTUAL INS.CO. | ) JURY DEMAND<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXLUDE THE TESTIMONY OF GARY TORGERSON AND ANY EXHIBITS CREATED BY GARY TORGERSON

The Defendants, Campbell Insurance, Inc., Tommy L. Campbell, Marsha Colleen Campbell and A 2 Z Insurance, Inc., (hereinafter "Campbell Defendants") submit this Memorandum in Support of their Motion in Limine to exclude from trial the opinion/expert testimony of Plaintiff's witness, Gary Torgerson.

### I. Factual and Procedural Background

ANPAC was required to identify expert witnesses and serve Rule 26 Expert Witness Reports on or before Tuesday, April 13, 2010 [Doc. 200]. Expert discovery in this matter was to be completed on or before Friday, April 1, 2011 [Doc. 311].

On September 9, 2011, ANPAC first disclosed Mr. Torgerson as an expert witness in a Supplemental Rule 26 Disclosure. *Exhibit 1*. ANPAC states in its latest Supplemental Rule 26 Disclosure that Mr. Torgerson will "provide expert analysis" regarding certain .pst files that were located on the Campbell Defendants P-drive.

## II. Legal Analysis

Fed. R. Civ. P. 16 provides trial courts with the authority to enter Orders limiting the time to complete discovery and disclose expert witnesses. Failure to comply with a scheduling order may result in a trial court prohibiting the offending party from presenting evidence related to the breach of the order. Fed. R. Civ. P. 16(f)(1)(C).

ANPAC was required to identify expert witnesses and serve expert witness reports on or before April 13, 2010 [Doc. 200]. All expert discovery was to be completed on or before April 1, 2011 [Doc. 311]. ANPAC did not disclose its intent to call Mr. Torgerson as an expert witness until September 9, 2011. More significant is the fact that this latest disclosure of proposed expert testimony comes less than fifty (50) days before the trial of this matter is to commence. The predicament that ANPAC now puts the Campbell Defendants in is obvious. The Campbell Defendants are completely unaware of the opinions that Mr. Torgerson intends to offer and basis for those opinions. At this point in the litigation, the Campbell Defendants have no avenue to explore or investigate what Mr. Torgerson proposes to offer at trial as expert discovery has been closed pursuant to the Case Management Order since April 1, 2011. The result will be that the Campbell Defendants will be completely blindsided at trial – a predicament that the Case Management Order was designed to prevent. The Campbell Defendants respectfully submit that ANPAC's failure to comply with the Court's Case Management Order and the lateness of the disclosure of Gary Torgerson as an expert witness, particularly in light of the impending trial date, are sufficient reasons for excluding both Mr. Torgerson's testimony and any exhibits created by him.

Furthermore, as of September 9, 2011, ANPAC has failed to provide a full disclosure of the subject matter upon which Mr. Torgerson is expected to testify and the substance of the facts and opinions to which he is expected to testify. ANPAC's bare statement in its latest Rule 26

Disclosure that Mr. Torgerson will "provide expert analysis regarding three .pst files" is woefully inadequate to apprise the Campbell Defendants of the facts and opinions that will be offered by Mr. Torgerson. ANPAC claims that Mr. Torgerson will provide a report when he returns from vacation on an unspecified date. This further delay will only bring the case closer to trial with the Campbell Defendants left to wonder what Mr. Torgerson is going to testify about.

The Campbell Defendants anticipate that ANPAC will argue that it was unaware of the issues involving the .pst files until after the expert disclosure deadline. This argument does not change the fact that the expert discovery deadline has passed and the Campbell Defendants have no way in which to determine the basis for Mr. Torgerson's opinions prior to trial. Furthermore, it has been over five months since the issue regarding the .pst files was raised and ANPAC has done nothing to alert the Campbell Defendants that it intended to offer expert testimony regarding these files until less than fifty (50) days before trial. Such delay, standing alone, should prevent the introduction Mr. Torgerson's expert opinions.

ANPAC's untimely disclosure has significantly hampered the Campbell Defendants' ability to adequately prepare for examination of Mr. Torgerson at trial and to develop facts necessary to counter Mr. Torgerson's proposed testimony. As such, ANPAC should be prohibited from presenting the witness or information that was not properly disclosed. Accordingly, the Campbell Defendants respectfully submit that ANPAC should be prohibited from calling Mr. Torgerson as an expert witness or presenting exhibit created by him.

### III. Conclusion

Based on the foregoing, the Campbell Defendants respectfully move, *in limine*, to exclude from trial any testimony, documents, or other evidence, argument, reference or mention,

directly or indirectly, of Mr. Gary Torgerson or any exhibit that he may have created or for such other relief to which the Campbell Defendants may be entitled.

>Respectfully submitted,
>
>LEITNER, WILLIAMS, DOOLEY
>& NAPOLITAN, PLLC
>
>By:   s/Steven W. Keyt
>      STEVEN W. KEYT (009200)
>      *Attorneys for Defendants, Campbell Insurance, Inc., Tommy L. Campbell, Marsha Colleen Campbell and A2Z Insurance, Inc.*
>      801 Broad Street, Third Floor
>      Chattanooga, TN 37402
>      Phone: (423) 265-0214
>      Fax: (423) 267-6625

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

| | |
|---|---|
| Thor Y. Urness, Esq. | John R. Wingo, Esq. |
| Jonathan D. Rose, Esq. | Brian C. Neal, Esq. |
| Bradley, Arant, Boult, Cummings LLP | Stites & Harbison, PLLC |
| P.O. Box 340025 | 401 Commerce Street, Suite 800 |
| Nashville, TN 37203-0025 | Nashville, TN 37219 |

This   14th   day of   September  , 2011.

                                                                                                                    By:   s/Steven W. Keyt